**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN BLACKBURN; CARSON MILLER; MICHELLE STODDART, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SUMMIT HEALTHCARE ASSOCIATION, an Arizona non-profit entity, DBA Summit Healthcare Regional Medical Center, DBA Summit Healthcare Snowflake Medical Center; MARIPOSA SURGICAL SERVICES LLC, an Arizona limited liability company; S3 INVESTORS INCORPORATED, an Arizona corporation; FILL CENTERS USA, an Arizona partnership; HEBER WOMEN'S CLINIC, an Arizona sole proprietorship; SNOWFLAKE WOMEN'S CLINIC, an Arizona sole proprietorship; TWIGS LINK CORPORATION, an Arizona corporation, DBA T.W.I.G.S., DBA Weight Is Gone Surgically; IRIS STRATTON; DANIEL STRATTON, a married couple; S. ROSS FOX, M.D.; KATHY FOX, a married | No.  19-17227 <br><br> D.C. No. 2:18-cv-01956-JAS-LCK <br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

couple; KRISTIE BLACKMAN; WALTER BLACKMAN, a married couple; KATIE HOLMES; HOLMES, named as John Doe Holmes, a married couple; GWENDOLYN HALL, a single woman; ARIEL ORTIZ; ORTIZ, named as Jane Doe Ortiz, a married couple, AKA Cynthia Ortiz; LEE GROSSBARD, M.D.; GROSSBARD, named as Jane Doe Grossbard, a married couple, AKA Shelley Grossbard; JASON STRATTON; DOES, named as John Does I-V; Jane Does I-V; ABC Partnerships I-X and XYZ Corporations I-X; STRATTON, named as Jane Doe Stratton, a married couple,

Defendants-Appellees,

and

PEDRO KURI; KURI, named as Jane Doe Kuri, a married couple; MARIO ALMANZA; ALMANZA, named as Jane Doe Almanza, a married couple; ROBERT BERGER, M.D.; BERGER, named as Jane Doe Berger, a married couple; WILLIAM LAWSON, M.D.; LAWSON, named as Jane Doe Lawson, a married couple, AKA Judy Lawson; MELISSA BRACKER; BRACKER, named as: John Doe Bracker; STEVIE BURNSIDE, AKA Stevie Billingsley; BILLINGSLEY, named as: John Doe Billingsley; MARIPOSA SURGICAL SERVICES INTERNATIONAL LLP, an Arizona limited liability partnership; GSLE

2

CONSULTING LLC, an Arizona limited liability company; SANDRA BRIMHALL; BRIMHALL, named as John Doe Brimhall, a married couple; TAMMY HALL-KUBITZA; KUBITZA, named as John Doe Kubitza, a married couple,

Defendants.

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted November 16, 2020[**]
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

Plaintiffs-Appellants Justin Blackburn, Carson Miller, and Michelle Stoddart (Plaintiffs) appeal the district court's dismissal of their class action complaint, in which they alleged that Defendants fraudulently and negligently misrepresented their ability to provide safe and affordable laparoscopic adjustable gastric banding (lap band/bariatric surgery) and affordable post-surgery aftercare in Arizona. Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court first dismissed all claims against all Defendants as time-barred. The district court also determined that none of the Plaintiffs had standing to sue Defendant Dr. Lee Grossbard (Grossbard), and Stoddart lacked standing to sue Defendant Dr. Ariel Ortiz (Ortiz). Although we agree that all claims are time-barred, we turn first to the question of standing because standing is a jurisdictional question that must be addressed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998).

1. The Court reviews de novo a dismissal for lack of standing. *See San Luis & Delta-Mendota Water Auth. v. United States*, 672 F.3d 676, 699 (9th Cir. 2012). To satisfy Article III's case or controversy requirement, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

All Plaintiffs lack standing to sue Grossbard because they have failed to allege that their injuries are fairly traceable to Grossbard by virtue of his role as a medical advisor to Defendant Fill Centers USA (Fill Centers). Plaintiffs have not

4

alleged any facts showing Grossbard's personal participation in or knowledge of the alleged misrepresentations regarding the qualifications of Plaintiffs' aftercare provider, Defendant Nurse Gwendolyn Hall (Hall), or the general safety and cost of aftercare.

The district court likewise did not err in holding that Stoddart lacked standing to sue Ortiz. Ortiz did not treat Stoddart or refer her to Hall; her claims are thus based solely on his role as a medical advisor to Fill Centers. But Stoddart alleges no acts on the part of Ortiz indicating that her injuries—namely, an inability to procure affordable aftercare—are fairly traceable to him.

2.      As set forth above, the district court also dismissed all claims against all Defendants as time-barred. The Court reviews de novo a dismissal on statute of limitations grounds. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011).

Plaintiffs filed their original complaint on April 3, 2018. Under Arizona law, the statute of limitations is one year for consumer fraud, *see* Ariz. Rev. Stat. Ann. (A.R.S.) § 12-541, three years for common law fraud, *see* A.R.S. § 12-543, and two years for negligent misrepresentation and negligent supervision, *see* A.R.S. § 12-542. Arizona applies the discovery rule to these types of claims, pursuant to which "a cause of action does not 'accrue' until a plaintiff discovers or

by the exercise of reasonable diligence should have discovered that he or she has been injured by the defendant's negligent conduct." *Anson v. Am. Motors Corp.*, 747 P.2d 581, 584 (Ariz. Ct. App. 1987) (citation omitted). Although the discovery rule does not require a plaintiff to "know *all* the facts underlying a cause of action to trigger accrual," a plaintiff must "possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998) (citation omitted).

Applying the discovery rule, all of Plaintiffs' claims accrued by 2014 because at that point Plaintiffs had knowledge of their injuries sufficient to trigger a duty to investigate. Plaintiffs' attempt to recast their claims as focused solely on Hall's licensing and qualifications is not supported by the First Amended Complaint (FAC) and does not excuse the absence of any allegations establishing Plaintiffs' exercise of reasonable diligence to discover the necessary facts underlying their current claims. According to the FAC, Blackburn and Miller knew by 2013 and 2014 that they had not received the safe post-surgical care that Defendants had promised, and Stoddart knew by 2014 that Defendants' assurance of affordable aftercare was hollow. Such knowledge was sufficient to trigger a duty to investigate under Arizona law. *See ELM Retirement Ctr., LP v. Callaway*, 246 P.3d 938, 941 (Ariz. Ct. App. 2010) (observing that the discovery rule "does

6

not permit a party to hide behind its ignorance when reasonable investigation would have alerted it to the claim" (citation omitted)).

**AFFIRMED.**